UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLO FALCONE,

      Plaintiff,                         Case No. 07-10665

v.                                            Patrick J. Duggan
                                             U.S. District Judge

CITY OF WARREN,

                                             Michael Hluchaniuk
      Defendant.                     U.S. Magistrate Judge

_____/


**ORDER PERMITTING LIMITED DISCOVERY
AND EXTENDING DISCOVERY DEADLINE**

**I.    PROCEDURAL HISTORY**

On February 14, 2007 Plaintiff filed his complaint against defendant alleging violations of the Americans With Disabilities Act. (Dkt. # 1). On January 10, 2008, District Judge Patrick J. Duggan issued a modified scheduling order, extending discovery until April 1, 2008 and setting a final pretrial conference for June 18, 2008. (Dkt. # 15). According to Judge Duggan's order, discovery was required to be *completed* by April 1. *Id*.

On March 28, 2008, plaintiff filed a motion to take an additional deposition beyond the 10 deposition limitation set forth in the federal rules of civil procedure. (Dkt. # 18). Plaintiff also filed a motion to modify the scheduling order so that defendant would be required to answer written discovery propounded before the discovery cut-off date of April 1, 2008. (Dkt. # 21). Defendant took that the position that it need not respond because the discovery requests violated the scheduling order's requirement that discovery be "completed" by April 1. Defendant responded to these motions on April 11, 2008, objecting to all the relief requested by plaintiff. (Dkt. # 28, 29). In accordance with the Court's scheduling order, defendant filed its Motion for Summary Judgment on April 15, 2008. (Dkt. # 30). The two discovery motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. # 19, 20, 23). The Court held a telephonic hearing on April 29, 2008, at which both parties appeared.

For the reasons set forth below, the Court **GRANTS** plaintiff's motions, subject to the conditions and limitations set forth herein.

## II. DISCUSSION

According to plaintiff's motions, she needs to take one additional deposition of an employee of the City of Warren and requires defendant to answer the written discovery propounded before the current discovery cut-off date. Defendant objects

to both requests as set forth in its responses, but has indicated that if plaintiff's requests are granted, there is one or two depositions of plaintiff's treating physicians that it would like to take.

Based on the parties' submissions and the argument of counsel, the Court has determined that if the additional limited discovery is permitted to go forward, defendant must have the opportunity to amend its motion for summary judgment based on any new information obtained from the discovery. Thus, the Court determines that the parties may conduct the limited discovery expressly described in this Order,[1] which must be completed by June 16, 2008.

Because the undersigned does not have the authority to modify the remainder of the District Court's scheduling order, and to avoid any scheduling conflict, this relief is expressly conditioned on the District Court modifying its scheduling order to allow additional time for the defendant to amend its motion for summary judgment after the discovery is completed and otherwise amending its scheduling order to adjourn the pretrial and trial dates.

---

[1] That is, plaintiff may take the deposition of Bob Slavko, defendant must answer the written discovery requests already propounded by plaintiff within 30 days of entry of this Order, and defendant may take up to two depositions of plaintiff's treating physicians.

### III. CONCLUSION

Accordingly, for the reasons set forth above, this Court hereby **GRANTS** plaintiff's motion to modify scheduling order and take an additional deposition, subject to the conditions and limitations set forth above.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Date: May 2, 2008

s/Michael Hluchaniuk  
Michael Hluchaniuk  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Lori N. Adamcheski, Karen B. Berkery, Megan Bonanni, and Timothy S. Groustra, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

                                          s/James P. Peltier
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church Street
                                          Flint, MI 48502
                                          (810) 341-7850
                                          pete_peltier@mied.uscourts.gov