UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLO FALCONE,

    Plaintiff,      Case No. 07-10665

v.      Patrick J. Duggan
     U.S. District Judge
CITY OF WARREN,
     Michael Hluchaniuk
    Defendant.      U.S. Magistrate Judge
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL**

**I. PROCEDURAL HISTORY**

On February 14, 2007 plaintiff filed his complaint against defendant alleging violations of the Americans with Disabilities Act as well as violations of the Michigan Persons With Disabilities Civil Rights Act. (Dkt. 1). Defendant has filed an answer denying liability. (Dkt. 2).

Discovery in this case has not been without disputes. The present controversy arises from interrogatories and requests to produce that plaintiff has initiated. Defendant objected to some of the interrogatories and some of the requests to produce prompting plaintiff to file the present motion to compel on June 30, 2008. (Dkt. 35). That motion was referred to the undersigned on July 1,

1

2008, for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 38). The Court held a telephonic hearing on August 7, 2008, at which both parties appeared through counsel. Supplemental briefs were filed by plaintiff and defendant on August 11, 2008. (Dkt. 51, 52).

For the reasons set forth below, the Court **GRANTS** plaintiff's motion, in part, and **DENIES** plaintiff's motion, in part.

## II. DISCUSSION

It is plaintiff's position that certain rights he possessed under the Americans With Disabilities Act (ADA) were violated by defendant. In accordance with one alternative to prove a violation of his rights, plaintiff indicated that he intends to prove a prima facie case pursuant to the methodology set forth in *McDonald-Douglas Corporation v. Green*, 411 U.S. 792 (1973). In order to prove a prima facie case in the context of this lawsuit, it is necessary for plaintiff to show (1) that he was a member of a protected class, (2) that he suffered an adverse employment action, (3) that he was qualified for the position, and (4) that similarly situated employees who are not members of the protected class were not subject to the adverse employment action.[1] *Skalka v .Fernald Environmental*, 178 F.3d 414, 420

---

[1] This is not intended to establish exactly what plaintiff would have to show to make out a prima facie case but only to serve as an example of the type of showing that a person might make under similar circumstances.

(6th Cir. 1999); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 351 (6th Cir. 1998).

The gravamen of the present discovery controversy centers on plaintiff's attempt to prove that there are similarly situated employees that are not members of his protected class and who were not subject to the same adverse employment action that he was. Plaintiff seeks to prove the existence of this group of comparable employees, or comparators, by requesting discovery of information relating to individuals that were employed by defendant in the Department of Public Services (DPS) during relevant periods of time. Defendant objects to certain aspects of these requests, claiming that the information requested is not relevant to plaintiff's case or it compromises the privacy interests of other employees.

Interrogatory No. 1

Plaintiff asked for certain information about 18 individuals as it relates to dates and times these individuals might have been off work due to injuries, as well as dates and times these individuals may have returned to work with work restrictions. Defendant provided information relating to 16 of these individuals and objected to providing certain information on the remaining two individuals because these two individuals were employed in a different division (Sanitation) of the DPS than plaintiff was employed (Building Maintenance).

3

Defendant objects to providing this information because the different divisions of the DPS "operate under different policies and procedures" and, therefore, defendant claims that the information relating to these two employees is not relevant. Plaintiff's position is that decisions relating to returning injured employees to work from all divisions of the DPS are made, at least initially, by the Personnel Department and, therefore, this centralized decision making could potentially make all DPS employees part of this comparator group.

This case is still in the discovery phase and it is, therefore, premature to make a ruling delineating precisely who may and who may not be similarly situated employees for purposes of determining if a prima facie case has been established. While defendant has asserted that the Sanitation Division has different policies and procedures than the Building Maintenance Division, those differences have not been described in a manner establishing that the differences are so great that employees in that division are beyond the possible scope of comparability. Plaintiff has made a sufficient showing on this record to indicate that the Personnel Department makes decisions for both the Building Maintenance Division and the Sanitation Division and, therefore, the experience of employees in the Sanitation Division could lead to the identification of comparators which would be admissible evidence. If plaintiff's request went beyond Sanitation Division employees, perhaps closer scrutiny would have to be applied to the request, based on the

burden that defendant might experience, but examining one division of the DPS other than the Building Maintenance division, is neither unreasonable nor unduly burdensome. Information that could reasonably lead to admissible evidence meets the relevance test found in Rule 26(b)(1) for discovery and it is conceivable that one or more Sanitation Division employees could be comparators.

Defendant is directed to complete the responses to Interrogatory No. 1 to the extent said information was withheld based on the contention that decisions made in the Sanitation Division were not relevant to decisions made in the Building Maintenance Division.

Interrogatory No. 2

In this interrogatory, plaintiff requested information regarding injury-related absences for DPS employees who worked in the Sanitation Division. Defendant's objection to this request was the same as the objection to certain portions of Interrogatory No. 1 in that defendant contends that Sanitation Division employees fall outside the boundaries of relevant information.

As with the decision regarding Interrogatory No. 1, there has been a sufficient showing of relevance to warrant giving plaintiff the opportunity to determine if these individuals are proper comparators to his case. Certainly this decision does not suggest that they will automatically be proper comparators but at

this stage plaintiff should be given access to the information that may allow him to prove that. Defendant is directed to complete the answers to Interrogatory No. 2.

Request To Produce No. 5

Plaintiff seeks information regarding Michael McGuire, aka Mark McGuire, relating to occasions he was off work based on injury or illness and whether he was allowed to return to work with restrictions. Defendant's objection to this discovery request appears to be based on a concern regarding Mr. McGuire's privacy interests. The specific information requested goes beyond the information requested in Interrogatories Nos. 1 and 2 in that plaintiff asks for information relating to the "nature of the illness/injury" rather than just the dates that the employee was off work due to some injury or illness and the dates the employee was allowed to return to work with limitations, if any. Plaintiff has not demonstrated how the nature of the illness or injury is related to establishing this individual as a comparator and therefore, such information is beyond the scope of permissible discovery. Thus, defendant is not required to provide documents that include information regarding the nature of any illness or injury of Mr. McGuire unless such information can be redacted or provided subject to a protective

agreement that is negotiated by the parties.[2] Defendant is directed to provide the remainder of the requested information as soon as reasonably possible.

Request To Produce No. 6

This request to produce is directed at documents relating to 16 of the 18 people identified in Interrogatory No. 1. It seeks information regarding the instances in which these individuals were off work for injury or illness and whether they returned to work with restrictions. The request does not seek information regarding the "nature" of any illness or injury suffered by the employee. Defendant's objections appear to be based on (1) the lack of any temporal limitation on the requested information, (2) the dissimilarity to plaintiff's circumstances, (3) the failure of the request to sufficiently identify the people for whom the information is sought, and (4) the confidentiality of the information is, in part, confidential.

With respect to the temporal limitation plaintiff's counsel acknowledged at oral argument that there should be some reasonable time limitation and stated that she was willing to limit the scope of the information to the period from the year 2000 to the present. Defendant's counsel expressed no objection to that time

---

[2] As the counsel for both parties are aware, protective agreements are commonly used in such circumstances and counsel for both sides are encouraged to resolve any issues associated with sensitive information by entering into a protective agreement limiting the use of such information.

7

period, and therefore, it seems that this issue is resolved by agreement of the parties. Defendant's objection regarding the dissimilarity of the requested information is a variation of the relevancy argument otherwise made. As indicated above, the information relating to when, and under what circumstances, employees in the Building Maintenance Division as well as the Sanitation division were allowed to come back to work on a limited basis following an injury or illness, meets the threshold relevancy test for discovery purposes, and thus this objection is not well-founded.

The objection regarding the failure to sufficiently identify the employees for whom the information is sought does not seem meritorious, or at least does not appear meritorious on such a broad basis. All but one of the individuals is identified by first and last name. If defendant, acting in good faith, cannot identify an employee matching or coming close to the name listed, then it should indicate in a response to the request that it cannot find related records after exercising a reasonable degree of diligence. This should be done on a name-by-name basis, rather than an objection relating to the entire list of names. The objection relating to the confidential nature of some of the information can be remedied as indicated earlier, by either redacting the information or providing it subject to the terms of a protective agreement.

Request To Produce No. 7

In this request, plaintiff is seeking copies of documents relating to the subject matter raised in Interrogatory No. 2.  Defendant's objection to the request appears to be that these individuals are Sanitation Division employees and any information about them is not relevant.  As indicated above, certain information about these employees is proper discovery and defendant is directed to comply with this request to produce.

Request To Produce No. 8

In this request to produce, plaintiff requests personnel files for the individual employees listed in Interrogatories Nos. 1 and 2.  Defendant objects, arguing that the request is overly broad, unduly burdensome, not relevant (because some of the individuals did not work in the Building Maintenance Division), does not sufficiently identify the individuals, and violates the privacy rights of the individuals.

Plaintiff cites a number of cases to support his claim that he is entitled to this information.  While these cases, for the most part, suggest that information from the personnel files of non-party employees may be relevant in a discrimination case, none of them stand for the proposition that a non-party employee's entire personnel file should be turned over in discovery.  It has previously been determined that certain information, as well as supporting documents, from the

personnel files of non-party employees are proper subjects of discovery in this case. However, that does not render the contents of the entire personnel file discoverable. The specific interrogatories and requests to produce referred to elsewhere in this opinion appeared to be carefully drafted with the intent to obtain specific information that is relevant to this case. On the other hand, a request to produce the entire personnel file of numerous employees is a very blunt instrument that would unnecessarily expose potentially private information of the employee without the prospect of producing any additional relevant evidence. Defendant will not be directed to comply with this request to produce as propounded. Rather, defendant may either (1) produce, under the parties' protective agreement, those portions of the requested personnel files relating to occasions, in the relevant time period, that such employees were off work due to injury or illness and whether, and under what circumstances, such employees were allowed to return to work with restrictions; or, (2) defendant may permit plaintiff's counsel to inspect the pertinent personnel files, mark the responsive documents, and defendant will produce copies of marked documents, also subject to the parties' protective agreement.

The final pretrial conference in this matter is scheduled for August 26, 2008, defendant's motion for summary judgment is scheduled to be heard on September 4, 2008, and this matter is on Judge Duggan's trailing trial docket for

September/October 2008. (Dkt. 34, 54). In light of these scheduling constraints, the Court orders defendant to comply with this Order by **September 12, 2008**.

## III. CONCLUSION

Accordingly, for the reasons set forth above, this Court hereby **GRANTS**, in part, and **DENIES**, in part, plaintiff's motion to compel, subject to the conditions and limitations set forth above.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: August 22, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Lori N. K. Adamcheski, Karen B. Berkery, Megan Bonanni, and Timothy S. Groustra, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

> s/James P. Peltier
> Courtroom Deputy Clerk
> U.S. District Court
> 600 Church Street
> Flint, MI 48502
> (810) 341-7850
> pete_peltier@mied.uscourts.gov