UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLO FALCONE,

    Plaintiff,　　　　　　　　　　　Case No.　　07-10665

v.　　　　　　　　　　　　　　　　　Honorable Patrick J. Duggan
　　　　　　　　　　　　　　　　　　Mag. Judge Michael Hluchaniuk
CITY OF WARREN,

    Defendant.
_____/

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 9, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On February 14, 2007, Plaintiff filed his complaint against Defendant alleging violations of the Americans with Disabilities Act as well as a violations of the Michigan Persons with Disabilities Civil Rights Act. Defendant has filed an answer denying liability.

Plaintiff submitted interrogatories and requests to produce. Defendant objected to some of the interrogatories and some of the requests to produce prompting Plaintiff to file a motion to compel on June 30, 2008. This motion was referred to Magistrate Judge Michael Hluchaniuk on July 1, 2008. On August 22, 2008, Magistrate Judge Michael Hluchaniuk issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel. On

1

September 8, 2008, Defendant filed objections to this order.

28 U.S.C. § 636(b)(1)(A) provides:

> A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

The Court has carefully reviewed Plaintiff's motion to compel, Defendant's response, and Magistrate Judge Hluchaniuk's order and Defendant's objections to such order. In Defendant's response to Plaintiff's Motion to Compel, Plaintiff sets forth its "argument" as:

> Plaintiff's motion to compel should be denied because the discovery requests in question seek information that is neither relevant nor likely to lead to the discovery of relevant information, seek to invade the privacy rights of non-party individuals and/or are overbroad and unduly burdensome.

(Response at 6.)

In its objections to the Magistrate Judge's order, Defendant states:

> The Magistrate Judge Erred In Requiring Defendant To Produce Documents And Information At Great Expense That Have No Bearing On The Case At Hand." Defendant contends that the interrogatories and the requests to produce are not relevant "as they are not reasonably calculated to lead to the discovery of admissible evidence." (Def.'s Obj. at 2.)

Plaintiff's objections to the Magistrate Judge's order basically repeat the arguments made by Defendant in its response to Plaintiff's motion to compel. Each of Defendant's arguments were carefully considered by the Magistrate Judge in his order, specifically with

reference to the portion of the order granting plaintiff's motion to compel, that being the portion of the order to which Defendant objects.

In this Court's opinion, the information sought by Plaintiff may well lead to admissible evidence. The fact that the Court is ordering Defendant to produce such information does not mean that such information is <u>necessarily</u> admissible. Whether or not such evidence is admissible will be decided by the Court at such time as Plaintiff may offer such evidence.

The Magistrate Judge issued a well-reasoned and balanced order, which protects Defendant's concern that production of some of the information may violate the privacy rights of non-party employees in their personnel and medical information.

The Magistrate Judge's order provides for a procedure by which certain limited information can be disclosed to Plaintiff's counsel under a protective order and thus protect Plaintiff's rights without any substantial or unnecessary invasion of anyone's privacy rights.

As indicated, the Magistrate Judge's order was carefully crafted to balance the respective parties' interest, and Defendant's objection to complying with this order suggests to this Court that the purpose of Defendant's objections may simply be to prevent Plaintiff from obtaining information that <u>may</u> be helpful to Plaintiff's case.

In this Court's opinion, compliance with the Magistrate Judge's order is not unduly burdensome.

In sum, the Court does not find the Magistrate Judge's order to be clearly erroneous or contrary to the law.

Defendant shall, therefore, fully comply with the Magistrate Judge's order within fourteen (14) days of the date of this Order.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Meghan A. Bonanni
Karen Berkery
Lori Keen Adamcheski
Honorable Michael Hluchaniuk